IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>VICTOR TROCHES-REYES (11),<br><br>        Defendant. | Case No. 21-20008-11-DDC |

**MEMORANDUM AND ORDER**

Defendant Victor Troches-Reyes has filed a pro se[1] Motion to Reduce Sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 319. The government filed a Response. Doc. 321. The court lacks jurisdiction and dismisses Mr. Troches-Reyes's motion for the following reasons.

**I. Background**

On September 15, 2022, Mr. Troches-Reyes entered a guilty plea (Doc. 146) to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, violating 21 U.S.C. § 846. On August 14, 2023, a federal probation officer prepared an Amended Presentence Investigation Report (PSR). Doc. 257. Based on the quantity of drugs attributed to the defendant—4.5 kilograms of "ice" methamphetamine—and a mitigating role adjustment under Guideline § 3B1.2, the PSR determined that Mr. Troches-Reyes

---

[1] Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

had a base offense level of 34. *Id.* at 42–43 (PSR ¶ 135). The PSR added two points under Guideline § 2D1.1(b)(1) because Mr. Troches-Reyes possessed a dangerous weapon. *Id.* at 43 (PSR ¶ 136). Two points were added under Guideline § 2D1.1(b)(12) because Mr. Troches-Reyes maintained a premises for the purposes of distributing methamphetamine—namely, he stored approximately 28 kilograms of methamphetamine for one month and was paid $1,500 per week to store the methamphetamine. *Id.* (PSR ¶ 137). The PSR deducted two points under § 3B1.2(b) because Mr. Troches-Reyes was a minor participant in the criminal activity. *Id.* (PSR ¶ 139). The PSR deducted three points because Mr. Troches-Reyes accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* (PSR ¶¶ 143–44). Based on the 2021 Guidelines Manual, Mr. Troches-Reyes had a total offense level of 33. *Id.* (PSR ¶ 145).

Mr. Troches-Reyes's criminal history produced one criminal history point. *Id.* at 44 (PSR ¶ 151). The PSR added two points under Guideline § 4A1.1(d) because Mr. Troches-Reyes had committed the current offense while under a criminal justice sentence. *Id.* (PSR ¶ 152). So, together, Mr. Troches-Reyes had three criminal history points and a criminal history category of II. *Id.* (PSR ¶ 153). "Based upon a total offense level of 33 and a criminal history category of II, the guideline imprisonment range [was] 151 months to 188 months." *Id.* at 47 (PSR ¶ 171). The parties' binding plea agreement recommended a sentence at the low end of the advisory guideline range. Doc. 146 at 4 (Plea Agreement). On September 5, 2023, the court sentenced Mr. Troches-Reyes to imprisonment for 81 months and five years of supervised release. Doc. 265 at 2, 3.

Mr. Troches-Reyes asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his September 2023 sentence and reduces his offense level by

two levels.  Doc. 319 at 1.  The court addresses Mr. Troches-Reyes's motion, but first, recites the governing legal standard.

## II.       Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

(1) on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;

(2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or

(3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. Troches-Reyes asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 319.

Effective November 1, 2023, Amendment 821 Part B created Guideline § 4C1.1, which lowers the offense level by two levels for certain defendants with zero criminal history points.  U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  The Amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1)   the defendant did not receive any criminal history points from Chapter Four, Part A;

(2)   the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3)   the defendant did not use violence or credible threats of violence in connection with the offense;

3

(4)     the offense did not result in death or serious bodily injury;

(5)     the instant offense of conviction is not a sex offense;

(6)     the defendant did not personally cause substantial financial hardship;

(7)     the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8)     the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9)     the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10)     the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.*

### III.     Analysis

Mr. Troches-Reyes loses his bid for a reduced sentence at the first step, subsection (a)(1), which requires that "the defendant *did not receive any* criminal history points from Chapter Four, Part A[.]" *Id.* § 4C1.1(a)(1) (emphasis added). Mr. Troches-Reyes had received three criminal history points. Doc. 257 at 44 (PSR ¶¶ 151–53). But even if Mr. Troches-Reyes was a zero-point offender, subsection (a)(7) independently bars a reduced sentence because it requires that "the defendant did not possess . . . a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" *Id.* § 4C1.1(a)(7). Mr. Troches-Reyes received an enhancement under Guideline § 2D1.1(b)(1) because he possessed a dangerous weapon. Doc. 257 at 43 (PSR ¶ 136).

In short, the new § 4C1.1 added to the Sentencing Guidelines doesn't apply to Mr. Troches-Reyes. Because Mr. Troches-Reyes's sentencing range remains unchanged, his request

doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Mr. Troches-Reyes's motion (Doc. 319). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *United States v. Andrade*, No. 18-10129, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria).

## IV.    Conclusion

The court is without jurisdiction to consider Mr. Troches-Reyes's current motion. Thus, the court dismisses Mr. Troches-Reyes's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Troches-Reyes's Motion to Reduce Sentence (Doc. 319) is dismissed.

**IT IS SO ORDERED.**

**Dated this 30th day of July, 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**