IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VICTOR TROCHES-REYES (11),

        Defendant.

Case No. 21-20008-11-DDC

## MEMORANDUM AND ORDER

Defendant Victor Troches-Reyes pleaded guilty to violating 21 U.S.C. § 846, a felony commonly described as Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine. Doc. 146 at 1 (Plea Agreement). The court later sentenced defendant to 81 months in prison followed by five years of supervised release. Doc. 265 at 2–3 (Judgment).

Some seven months after sentencing, Mr. Troches-Reyes filed a motion under 18 U.S.C. § 3582(c)(2), Doc. 319. This motion asserted defendant was a zero-point offender under U.S. Sent'g Comm'n Guidelines Manual § 4A1.1(d)&(e), and he thus deserved a reduced sentence. *Id.* at 1 ("Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment Guideline 821 to the Federal Sentencing Guidelines"). Mr. Troches-Reyes didn't succeed on this motion for the most elementary of reasons: he wasn't a zero-point offender.

As the court's Memorandum and Order explained, the defendant had received (a) one criminal history point for his conviction in Nebraska state court for "Assault-Threaten[ing] Another in a Menacing Manner" and (b) two more criminal history points because he had committed his federal Conspiracy offense while under a criminal justice sentence, *i.e.*, the term of probation imposed in the Nebraska case. *See* Doc. 333 at 2; *see also* Doc. 211 at 44 (Presentence Investigation Report ¶¶ 150–53).

Now, Mr. Troches-Reyes is back with two more motions. The first (Doc. 341) again invokes § 3582(c)(2) and contends that Mr. Troches-Reyes received two "status points" under U.S. Sent'g Comm'n Guidelines Manual §4A1.1(d) & (e). Doc. 341 at 1. The motion also asserts that Amendment 821 to the Sentencing Guidelines would have eliminated those points if it were in effect when he was sentenced. *Id.* at 4. And this filing asks the court to appoint counsel to represent him. *Id.* at 5. The second motion, Doc. 342, asks the court to photocopy certain case documents and mail them to his son at a specified address. This Order dismisses the § 3582(c)(2) motion, denies the request to appoint counsel, and grants the second motion in part and denies it in part, all for reasons explained separately, below.

### A.   Defendant's § 3582(c)(2) Motion (Doc. 341)

The first motion invokes 18 U.S.C. § 3582(c)(2), a provision that applies when a defendant was sentenced to prison "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]" *Id.* At first glance, it seems that Mr. Troches-Reyes has a point.

He's correct that his PSR awarded him two so-called "status points" under U.S. Sent'g Comm'n Guidelines Manual § 4A1.1(d). *See* Doc. 211 at 44 (PSR ¶ 152) ("The defendant committed the instant offense while under a criminal justice sentence for [his 2020 Nebraska state court conviction]; therefore, two points are added."). And those two points mattered to Mr. Troches-Reyes's Guidelines calculation, increasing his Criminal History Category from Category I (where the Guidelines would have placed him without the two status points) to Category II. This elevated classification in turn increased defendant's Guidelines range from 135 to 168 months (based on Criminal History Category I) to 168 to 210 months (Criminal History Category II).

Had the court sentenced Mr. Troches-Reyes just two months later, *i.e.*, after November 1, 2023, an amended § 4A1.1(d) would have applied to his sentencing. This amendment would have calculated his Criminal History points differently, omitting the two status points added under the earlier version of the Guidelines. More specifically, Amendment 821 altered § 4A1.1 by adding a new subsection (e). It directed sentencing courts to "[a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation[.]" *Compare* U.S. Sent'g Comm'n Guidelines Manual § 4A1.1(e) (Nov. 2023) *with* U.S. Sent'g Comm'n Guidelines Manual § 4A1.1(d) (Nov. 2021) (adding two points if crime of conviction committed while under criminal justice sentence, including probation). Mr. Troches-Reyes had just one criminal history point under subsections (a)-(c) of § 4A1.1, so the amended subsection (e)—had it applied to his sentencing—wouldn't have charged him with the two status points applied by Mr. Troches-Reyes's PSR. He thus would have qualified as a Criminal History I and not II, and that change would have lowered his Guidelines range.

But that's where the good news ends for Mr. Troches-Reyes. Even though Amendment 821's amendments didn't apply yet on the date of his sentencing, the court knew those changes were coming. So, it applied a variance, sentencing him as if the soon-to-apply amended § 4A1.1(e) already had taken effect. Two parts of the record establish this dispositive proposition. *First*, the Statement of Reasons explicitly memorializes the variance applied to Mr. Troches-Reyes because of the forthcoming amendment to § 4A1.1. Doc. 266 at 3. It recorded the following:

> D  **State the basis for a variance.** *(Use Section VIII if necessary.)*
> The court granted a downward variance based on the proposed 2023 guideline amendments. Under the 2023 guidelines, the defendant would not qualify for "status" points under 4A1.1; therefore, the court varied downward to adjust for this amendment by sentencing the defendant as if he fell in criminal history category I.

*Id. Second*, the court explicitly announced at the sentencing hearing that it would impose a variance based on the forthcoming Amendment 821. Here's what the transcript for the pertinent portion of this proceeding reflects:

> I'll share with you the court's proposed findings.
>
> The court does plan to find, as a strict matter of guideline application, a total offense level of 33 and the criminal history qualifies as Category II.
>
> However, the court does plan to think of the case, based on a variance that takes into account the forthcoming amendment to Guideline, Section 4A1.1[(d)], which would in effect erase the two status points that put him over the top into the Category II, and instead sentence him as though he were a 33, criminal history Category I. Those two things together produc[e] a 135 to 168 guideline range.
>
> \*   \*   \*
>
> After considering all these factors and the advisory Sentencing Guidelines, the nature and circumstances of the offense and the defendant's history and characteristics, I do, as a tentative matter, plan to sentence the defendant to a term lasting 81 months in prison followed by five years of supervised release.

Doc. 358 at 2, 3 (Partial Tr. of Sent'g Hr'g 2:3–13, 3:1–6).

In sum, Mr. Troches-Reyes already has received the full benefit of the more lenient criminal history calculation amended into Guideline § 4A1.1 by Amendment 821. Nothing entitles him to a second helping of the benefit granted by that Amendment. The court thus dismisses the motion made by Doc. 341 because it lacks jurisdiction to grant such relief.[1]

---

[1] *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014)

The court also denies Mr. Troches-Reyes's request for appointment of counsel to assist with his § 3582(c)(2) motion. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). But, as explained above, Mr. Troches-Reyes's § 3582(c)(2) motion can't get any traction on the merits because the court lacks subject matter jurisdiction over it. What's more, his motion isn't factually or legally complex. And the motion indicates Mr. Troches-Reyes possesses the ability to present his claim. The factors weigh heavily against appointing counsel and the court thus denies Mr. Troches-Reyes's request, so the court denies this request.

### B. Defendant's Motion for Documents (Doc. 342)

Mr. Troches-Reyes's second motion asks the court to mail three documents to him or his named representative. The court grants this motion in part and denies it in part. The following bullet points identify the court's ruling and briefly explain the reasons for the court's ruling:

- *Trial and Appeal Docket Sheet:* The court grants this motion in part, directing the United States Probation Office for this judicial district to send a printed copy of the CM/ECF docket for trial proceedings and a printed copy of the PACER docket

---

("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *United States v. Andrade*, No. 18-10129-EFM, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria).

for appellate proceedings to Mr. Troches-Reyes's Case Manager at the facility where currently incarcerated. The court denies, however, defendant's request to mail those items directly to him.

- *Change of Plea Transcripts:* No party previously requested and thus no transcripts were prepared for Mr. Troches-Reyes's change of plea hearing. The court thus denies this request. But Mr. Troches-Reyes may request the court reporter to prepare such a transcript using the instructions available to defendant at https://ksd.uscourts.gov/court-information#:~:text=For%20current%20transcript%20fees%20click%20here.%20Transcript,AO435.%20Transcript%20order%20form%20for%20appeals:%20A8%2DTOF. This page contains a link to the fees for preparing a transcript. The pertinent court reporter is Ms. Greiner.

- *Copy of Presentence Investigation Report and Statement of Reasons:* The court grants this request in part. The court directs the United States Probation Office for this judicial district to send copies of these documents to defendant's Case Manager at the facility where currently incarcerated. The court denies, however, defendant's request to mail those items directly to him or his son.

In sum, the court grants part of the motion made in Doc. 342, but also denies it in part as well.

### C.  Conclusion

For reasons explained in this Order, the court:  (1) dismisses defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Doc. 341, because it lacks jurisdiction over that motion; (2) denies defendant's request to appoint counsel as moot, and (3) grants in part and denies in part defendant's Motion for Documents, Doc. 342.

**IT IS SO ORDERED.**

**Dated this 30th day of December, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
